## SILAS WHITE *vs.* WILLIAM LIVINGSTON & another.

A bond from A. to convey to B. certain premises, upon the payment by B. of a cer-
tain note on demand, and interest quarterly, and in the mean time to allow B.
possession of the premises, does not create a mere tenancy at will, so long as B.
punctually pays the interest, and the principal is not demanded; and trespass
will lie by B. against one who removes him, under a deed from A., given subse-
quently to such bond.

TRESPASS for removing the plaintiff and his goods from cer-
tain premises occupied as a dwelling in Wilmington, in the
month of December, 1849. The plaintiff was in possession
under a bond from Silas Brown, the former owner, dated
October 1, 1843, conditioned to " convey the premises to the
plaintiff, if he should pay a certain note to said Brown, of
four hundred and fifty dollars, on demand, and interest quar-
terly, and in the mean time to allow the plaintiff, his heirs and
assigns, the peaceable and quiet possession of the premises,
until said conveyance should be made." The plaintiff regu-
larly paid the interest on the note, as it fell due, and both
parties treated the payment as rent; the principal of the note
had never been demanded by Brown, and was still unpaid.
The defendants justified the trespass under a quitclaim deed
from said Brown, dated May 15th, 1849, and a notice thereof to
the plaintiff before the alleged trespass was committed. They
claimed that the plaintiff was only a tenant at will under his
bond from said Brown; that such tenancy was terminated
by his subsequent deed to them, and that after due notice
thereof to the plaintiff, they had a right to enter and remove his
goods. The presiding judge of the court of common pleas,
*Mellen,* J. so ruled, and a verdict was thereupon rendered for
the defendants. The plaintiff alleged exceptions to this rul-
ing.

*J. P. Converse,* (*B. F. Butler* with him,) for the plaintiff.

*J. G. Abbott,* for the defendants.

METCALF, J. We are all of opinion that the legal effect of
the condition of the bond given by Brown to White was a
demise to White of the premises therein described, so long as

he should pay the interest quarterly on the note therein mentioned, and should not fail to pay the principal on demand; Bac. Ab. Leases, &c. K; *Moshier* v. *Reding*, 3 Fairf. 478; and that, as White had punctually paid the interest on the note, as rent, and it did not appear that payment of the principal had ever been demanded of him, his rights under the demise continued at the time of Brown's conveyance of the premises to the defendants. Not being tenant at will, when that conveyance was made, his tenancy was not thereby terminated.                              *New trial ordered.*